RECEIVED
IN LAKE CHARLES, LA
NOV 3 0 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20027-008 |
| VS. | : | JUDGE MINALDI |
| ROBERT RAY REEVES | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR"). The defendant has filed multiple objections to the PSR, the majority of which question the amounts of drugs contained in the "Offense Conduct." These objections do not require a ruling because Probation used only the amount of drugs to which the defendant pleaded guilty to compute his sentencing guidelines.

The defendant also argues that his base offense level should be reduced by three points for role in the offense. Reeves submits that he falls between a minimal and a minor participant. Under U.S.S.G. § 3B1.2, a district court may reduce a defendant's base offense level by four points if the defendant was merely a "minimal participant," two points if the defendant was a "minor participant," and three points if the defendant's participation falls somewhere between "minimal" and "minor." To qualify for any reduction under § 3B1.2, whether on the basis of a "minimal" role, a "minor" role or something in between, a defendant must be both " 'less culpable than most other participants' *and* 'substantially less culpable than the average participant.' " *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir.2002) (quoting *United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir.1993)). The

comment to this Guideline defines a "minimal participant" as someone who is "plainly among the least culpable of those involved in the conduct of a group," such as someone who "lack[s] knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2 cmt. n. 4. A "minor participant," in partial contrast, is someone who "is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2 cmt. n. 5. *U.S. v. Kelso,* 97 Fed.Appx. 543, 546, 2004 WL 957816, **3 (C.A.6 (Tenn.) 2004). Reeves was clearly not substantially less culpable than the average participant. He was distributing methamphetamine, transporting methamphetamine, and arranging for others to purchase significant amounts of methamphetamine by introducing them to suppliers. This objection is OVERRULED.[1]

The defendant asserts that he cannot afford to pay a fine or the costs of "imprisonment, probation or supervised release." This does not require a ruling by the court.

Lake Charles, Louisiana, this 29 day of November, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] The remainder of the objections recompute the guidelines based upon the court allowing a three point adjustment for role in the offense. The court did not grant this three point reduction and the remaining objections are therefore moot.